# IN THE COURT OF APPEALS OF IOWA

No. 19-1833
Filed May 13, 2020

**IN THE INTEREST OF A.N.,**
**Minor Child,**

**J.N., Mother,**
     Appellant,

**J.N., Father,**
     Appellant.
_____

     Appeal from the Iowa District Court for Warren County, Brendan Greiner,

District Associate Judge.

     A mother and a father separately appeal the termination of their parental

rights to their child. **AFFIRMED ON BOTH APPEALS.**

     Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant

mother.

     Thomas G. Crabb, Des Moines, for appellant father.

     Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

     Yvonne C. Naanep, Des Moines, attorney and guardian ad litem for minor

child.

     Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

A mother and a father each challenge the termination of their parental rights to their child. Both contend the State failed to prove the grounds for termination by clear and convincing evidence. The father also contends the State failed to make reasonable efforts to return the child to his care. We review these claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The child was removed from the mother's care after testing positive for methamphetamine at birth in August 2018. The child was first placed with the father, who was quickly overwhelmed by the child's needs and consented to the child's temporary removal less than two weeks later. The child was then placed with the maternal grandmother, where the child remained. The juvenile court adjudicated the child to be in need of assistance (CINA). When neither parent had made progress after one year, the State filed a petition to terminate both parents' rights to the child, which the juvenile court granted.

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) and (*l*) (2019). We may affirm on either ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Termination under section 232.116(1)(h) is appropriate if the child is three years old or younger, has been adjudicated CINA, and has been removed from the parent's care for at least six of the last twelve months. There must also be clear and convincing evidence that the child cannot be returned to the parent's care at the time of the termination hearing without exposing the child to harm that would lead to a new CINA adjudication. *See* Iowa Code § 232.116(1)(h)(4) (requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as

provided in section 232.102"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication).

In the year following removal, the mother failed to do the minimum asked of her. The juvenile court noted in its termination order that the mother's participation in the termination proceedings "was simply as a bystander in the court gallery." Her engagement with the services offered to her during the CINA proceedings could be described similarly. The mother admitted to using methamphetamine during her pregnancy and tested positive for methamphetamine the one time she complied with testing during the CINA proceedings. Although she participated in visitation with the child, there is no indication that she took any steps to address her substance use. A parent's active addiction to methamphetamine can harm a child in the parent's care. *In re J.S.*, 846 N.W.2d 36, 42 (Iowa 2014). Because clear and convincing evidence shows that returning the child to the mother's care at the time of the termination hearing would expose the child to harm amounting to a new CINA adjudication, we affirm the termination of the mother's parental rights under Iowa Code section 232.116(1)(h).

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(h). Clear and convincing evidence also shows the child would be exposed to harm that would lead to a new CINA adjudication if placed in the father's care. The father has anger issues that led to the child's removal in September 2018. The father participated in only ten therapy sessions, and the

juvenile court observed that there is little information beyond that to show the father has addressed his anger issues. The father showed he could meet the child's immediate needs, but concerns remained about his ability and interest in meeting the child's long-term needs. The father failed to take the initiative to follow through with the overnight visits he was offered. And because the father only participated in fully-supervised visits with the child, his ability to parent on his own remained untested. We affirm the termination of the father's parental rights under Iowa Code section 232.116(1)(h).

The father also challenges the reasonable efforts made by the State to return the child to his care. *See* Iowa Code § 232.102(7) (requiring that the State "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). He argues the DHS failed to help him with transportation for additional visits with the child. But in order to preserve error on a reasonable-efforts challenge, a parent must complain to the juvenile court about the adequacy of the services "at the removal, when the case permanency plan is entered, or at later review hearings." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). "[V]oicing complaints regarding the adequacy of services to a social worker is not sufficient." *Id.* The father never made a formal request for additional services to the juvenile court. He therefore failed to preserve the issue for our review.

**AFFIRMED ON BOTH APPEALS.**